Mr. Barry Emigh 1720 Arrowhead Rd., Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Constitution of the State of Arkansas:
 POPULAR NAME PROVIDE THE PURCHASE PRICE OF PROPERTY TO BE THE ASSESSED VALUE AND THE ASSESSED VALUE AND TAX RATE ON THE DATE OF TRANSFER OF TITLE SHALL NOT CHANGE; UNTIL, THE TITLE IS AGAIN TRANSFERRED
 BALLOT TITLE AMENDMENT TO PROVIDE THE PURCHASE PRICE OF REAL PROPERTY TO BE THE AD VALOREM ASSESSMENT OF REAL PROPERTY UPON TRANSFER OF REAL PROPERTY TITLE FOR PURPOSE OF TAXATION ON REAL PROPERTY AND THE ASSESSMENT VALUE ON THE PURCHASE PRICE OF REAL PROPERTY SHALL NOT CHANGE WITH THE EXCEPTION OF THOSE EXCLUSIONS STATED HEREIN; UNTIL, THE REAL POPERTY TITLE IS AGAIN TRANSFERRED; TO PROVIDE THE AD VALOREM TAX RATE ON REAL PROPERTY UPON TRANSFER OF REAL PROPERTY TITLE TO BE THE AD VALOREM TAX RATE AND SHALL NOT CHANGE WITH THOSE EXCEPTIONS STATED HEREIN; UNTIL, THE REAL PROPERTY TITLE IS AGAIN TRANSFERRED; TO PROVIDE FOR AN AD VALOREM REASSESSMENT OF REAL PROPERTY VALUE TO BE ASSESSED ON THE ACTUAL COST OF CONTRACTED WORK ON REAL POPERTY REQUIRING AN ISSUED CONSTRUCTION PERMIT FROM A STATE OR LOCAL AUTHORITY; TO PROVIDE THE AD VALOREM TAX RATE ON THE DATE OF TRANSFER OF REAL PROPERTY TITLE TO BE ADDITIONALLY APPLIED TO THE ACTUAL COST OF CONTRACTED WORK REQUIRING AN ISSUED CONSTRUCTION PERMIT FROM A STATE OR LOCAL AUTHORITY WITHOUT CHANGING THE AD VALOREM TAX RATE; TO EXCLUDE REAL POPERTY TITLED IN THE NAME OF A NON PROFIT ORGANIZATION FROM THIS AMENDMENT; TO EXCLUDE REAL PROPERTY TITLED IN THE NAME OF A COMMERCIAL OR INDUSTRIAL BUSINESS, REAL PROPERTY USED AS A COMMERCIAL OR INDUSTRIAL OPERATION, REAL PROPERTY USED AS INCOME RENTAL, OR REAL POPERTY DECLARED AS A BUSINESS OR FOR USE AS A BUSINESS FOR THE PURPOSES OF STATE INCOME TAXATION; TO PROVIDE FOR THE REASSESSMENT OF REAL PROPERTY BY THE ASSESSOR UPON TRANSFER OF TITLE TO AN HEIR, SUSPICIOUS TITLE TRANSFERS OF REAL PROPERTY BELOW FIFTY PERCENT OF MARKET VALUE, AND OR IF ANY PART OF A REAL PROPERTY IS TRANSFERRED IN TITLE BY A PARTNER IF THE REAL PROPERTY IS NOT A BUSINESS OR USED AS A BUSINESS; TO PROVIDE THE STATE, AND SUBDIVISIONS THEREOF TO MAKE LAWS, AND ORDINANCES NOT HEREIN INCLUDED, AND SHALL RESERVE THAT RIGHT OF JURISDICTION RESPECTIVELY TO THOSE GOVERNING AUTHORITIES; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
You previously submitted a popular name and ballot title for a similar proposed measure. I rejected that submission on the grounds of certain ambiguities in the text of the proposed measure. See Op. Att'y Gen. No.99-266. The popular name and ballot title under consideration here are a resubmission of those that were rejected in Op. No. 99-266.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed measure that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to certain unresolved ambiguities in the text of your proposed measure. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable at this time to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The proposed measure contains various ambiguities. I will give examples of some specific areas of concern; however, it must be understood that my discussion of these areas of concern is not exhaustive.
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 (1) Section 3 of the proposed measure provides for the reassessment of the cost of contracted work "for purposes of ad valorem taxation[.]" However, it also provides that ad valorem taxes shall not change when property is reassessed for contracted work. It is unclear how these provisions of Section 3 will interact with one another, and with Sections 1 and 2, which (when read together) appear to provide that taxation will be based upon the assessed value of property, as recorded in the assessor's office, until the property in transferred, at which time taxation is to be based upon the purchase price of the property. These provisions appear to conflict with one another.
 (2) Sections 4 and 5 create exemptions from the provisions of the measure, and provide that "all provisions on real property taxation . . . shall apply." It is unclear whether the quoted language refers to provisions of law on real property taxation that are in effect at the time of the passage of the measure. It is also unclear how this language will interact with the general repealer clause of Section 8 of the proposed measure, and what law will govern the persons and entities who are exempt from the measure.
Unless the foregoing ambiguities are resolved, I will be unable to summarize your proposed amendment effectively. I reiterate that I do not purport to have set out an exhaustive list of possible problems with the proposed measure. For this reason, I recommend that you consult with legal counsel of your choice, or with a person who is skilled in the drafting of legislation.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See
A.C.A. § 7-9-107(c). You may, after clarification of the issues discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted ballot title may be necessary to reflect adequately the clarified language of the proposed amendment. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General